Filed 5/17/21  P. v. Sandefur CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>JASON I. SANDEFUR,<br><br>        Defendant and Appellant. | A161561<br><br>(City & County of San Francisco Super. Ct. No. SCN218825) |

In a prior appeal, we affirmed Jason I. Sandefur's convictions for assault with a deadly weapon and resisting arrest, along with a true finding of an allegation under the Three Strikes law, but we remanded to allow the trial court to consider striking a five-year prior serious felony enhancement pursuant to its new authority under Senate Bill 1393 (Stats. 2018, ch. 1013). The trial court held a hearing on remand but declined to strike the prior. Appellant filed a notice of appeal, and his court-appointed appellate counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issues and affirm.

1

# I. BACKGROUND

We take the facts of the crime and the procedural history up until the point of the original sentencing from our unpublished appellate decision in *People v. Sandefur* (Jan. 11, 2019) A151720, A152650 [nonpub. opn.]:

"On October 25, 2010, appellant returned to the Prita Hotel in San Francisco, where he had been staying, and was told to leave by manager Eduardo Ugarte. He returned the next day when Ugarte was carrying out equipment for recycling, pulled out a knife, and invited Ugarte to fight. Appellant swung the knife at face level and Ugarte used a vacuum cleaner he was carrying to ward appellant off. Ugarte went inside and told his son to call the police. At about the same time, appellant stabbed Sergio Rodas as Rodas walked along Mission Street, causing a superficial neck wound and a deep wound to the back left of his neck. Appellant fled from and struggled with the police officers who arrested him. He appeared to be under the influence of drugs.

"Appellant was charged with attempted murder, two counts of assault with a deadly weapon, one with an allegation of great bodily injury, and resisting arrest. (Pen. Code, §§ 664/187, 245, subd. (a)(1), 12022.7, subd. (a), 148, subd. (a)(1).)[1] It was also alleged that appellant had been previously convicted of assault with a deadly weapon and making criminal threats within the meaning of the Three Strikes law and the five-year serious felony enhancement, and had served a prior prison term for those crimes. (§§ 1170.12, 667, subd. (a), 667.5, subd. (b).)

"While he was in custody pending trial on the charges described above, the charges were consolidated with two counts each of solicitation of murder and dissuading a witness. (§§ 653f, subd. (b), 136.1, subd. (b)(1).) These

---

[1] Further references are to the Penal Code.

charges, which involved a victim of and witness to the first set of charges, were ultimately severed for trial.

"After the denial of numerous motions for self-representation under *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*) and new appointed counsel under *People v. Marsden* (1970) 2 Cal.3d 118[], the case proceeded to a jury trial. Appellant presented expert witnesses to support his theory that he was addicted to drugs and his conduct was the product of drug-induced psychosis. He was acquitted of attempted murder and the lesser included offense of attempted voluntary manslaughter and convicted of the two counts of assault with a deadly weapon (one with a great bodily injury enhancement) and the one count of resisting arrest. The court found appellant had suffered two prior convictions for serious felonies and had served a prior prison term as alleged.[2]

"In a separate hearing, the trial court granted a defense motion to strike one of the priors for purposes of the Three Strikes law under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). It declined to strike the other prior. The court initially sentenced appellant to prison for an aggregate term of 16 years on April 28, 2017. The court ordered appellant to pay Ugarte $2,400 in direct victim restitution following a hearing.

"With respect to the pending charges, appellant pled guilty to one count of solicitation of murder pursuant to an agreement he would be sentenced to six years in prison. Ultimately, the court resentenced appellant to the same aggregate 16-year term. . . ." The aggregate sentence included a three-year

---

[2]    Sentence was not ultimately imposed on the prior prison term enhancements, so we do not concern ourselves with Senate Bill 136 (Stats. 2019, ch. 590, § 1), which made such enhancements inapplicable to most offenses effective January 1, 2020. (§ 667.5, subd. (b).)

concurrent term for the solicitation of murder count with the agreement of the parties.

We originally filed an opinion affirming the judgment in September 2018, rejecting arguments that the court should have granted appellant's *Faretta* motion, should have stricken both of his prior "strike" convictions rather than only one of them, and should not have awarded the full amount of victim restitution requested. At the time, the court did not have the power to strike five-year prior serious felony enhancements. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 586 (*Shaw*).) In December 2018, the Supreme Court granted appellant's petition for review and transferred the case back to this Court in light of Senate Bill 1393, which amended section 667 and 1385 and gave courts the discretion to strike prior serious felony enhancements "in furtherance of justice" and was to become effective January 1, 2019. (Sen. Bill 1393 (2017–2018 Reg. Sess.) §§ 667, subd. (b)(1), 1385, subd. (b).) We issued an opinion on January 11, 2019, again affirming the judgment, but remanding the case to allow the court to consider exercising its discretion under Senate Bill 1393.

The trial court held a hearing to consider a defense motion to strike the prior serious felony enhancement under section 667, subdivision (a). Several of appellant's friends and his father spoke as character witnesses. Victim Sergio Rodas was present and gave a statement about how much the crime had affected him, but he stated it was not up to him to dictate what sentence the court should impose. Appellant gave a statement in which he apologized to Rodas. The Court recessed to review appellant's prison file, which contained several write-ups but also reflected appellant's participation in educational and other programs. The court denied the motion to strike the five-year prior serious felony enhancement.

4

## II.  DISCUSSION

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appointed counsel has filed a *Wende/Anders* brief raising no issues, that appellant has been advised of his right to file a supplemental brief, and that appellant did not file such a brief.  We have independently reviewed the entire record for potential error and find none.

We review a court's decision to deny a motion to strike a five-year prior serious felony enhancement for abuse of discretion.  (*Shaw*, *supra*, 56 Cal.App.5th at p. 587.)  "No error occurs if the trial court evaluates all the relevant circumstances to ensure that the punishment fits the offense and the offender."  (*Ibid.*)  Here, the trial court carefully reviewed the facts of this case, heard from several witnesses who vouched for appellant's character, listened to the statement of appellant and one of the victims, and read appellant's extensive prison file.  Despite the violent nature of the crimes, the court had previously granted a *Romero* motion and stricken one prior conviction for the purpose of the Three Strikes Law, meaning appellant was not sentenced to the term of 25 years to life for which he was otherwise eligible.  The court observed that appellant had received a concurrent term for the solicitation of murder count.  It was not an abuse of discretion to conclude it would not be "in furtherance of justice" to strike the five-year enhancement.

We are satisfied that appellant's appointed attorney has fully complied with the responsibilities of appellate counsel and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 283.)

## III.  DISPOSITION

The judgment is affirmed.

5

_____

NEEDHAM, Acting P.J.

We concur.

_____

BURNS, J.

_____

RODRIGUEZ, J. *

*People v. Sandefur* / A161561

---

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.